RPM Builders, Inc. v. Baxter et. al. v. Shores et. al., No. 57-2-12 Wmcv (Wesley, J., Nov. 12, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT** <br> **Windham Unit** | **CIVIL DIVISION** <br> **Docket No. 57-2-12 Wmcv** |

| | |
|---|---|
| **RPM Builders, Inc.,** <br> **Plaintiff.** <br><br> **v.** <br><br> **Robert Baxter and Diane Baxter,** <br> **Defendants and Third-Party Plaintiffs,** <br><br> **v.** <br><br> **Shane A. Shores and Allen M. Hart,** <br> **Third-Party Defendants.** | |

### Opinion & Order
### Granting RPM Builders' Motion for Partial Summary Judgment

### Background

On February 9, 2012, RPM Builders, Inc. filed suit against Robert and Diane Baxter for breach of contract. RPM alleged it contracted with the Baxters to build a house and the Baxters withheld the final payment of $33,360.32. On March 9, 2012, the Baxters answered RPM's complaint and filed a counter-claim against RPM for breach of contract, common law fraud, consumer fraud, and conversion. According to the counter-claim, RPM defrauded the Baxters by misrepresenting the amount and value of work. RPM allegedly converted the Baxters' property by using the Baxters funds to pay for materials the Baxters never received. The Baxters also filed a third-party complaint indivdually against Shane Shores and Allen Hart, as officers and shareholders in RPM, for their role in managing the construction.

On September 20, 2013, RPM moved for partial summary judgment. RPM seeks summary judgment on Counts II–IV and on the claim against Shores and Hart. RPM argues the Baxters cannot show evidence of intent to deceive, cannot show RPM wrongfully deprived the Baxters of their property, and have not made a sufficient showing to pierce the corporate veil. RPM supported its motion with a statement of undisputed facts, a copy of the original contract between RPM and the Baxters, and excerpts from four depositions.

On October 15, the Baxters opposed RPM's motion. The Baxters argue summary judgment is inappropriate because there are disputed material facts. For common law fraud, the Baxters argue there is enough information to infer RPM made statements about the value of the work with reckless disregard for their truth. In regard to the claim for consumer fraud, the Baxters argue RPM, Shores, and Hart, intentionally misrepresented their ability to provide goods and services at the agreed on price. For the conversion claim, the Baxters point to their own deposition testimony that RPM did not deliver appliances and removed lumber from the work

site. Finally, the Baxters assert the Court should allow them to pierce the corporate veil because Shores and Hart perpetuated fraud. RPM responded to the opposition on October 30, 2013.

**Standard of Review**

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of the non-moving party. *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635. Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413. Parties should present facts that are supported by admissible evidence. *See* V.R.C.P. 56(c),(e).

**Discussion**

1. *Common Law Fraud (Count II)*

The Court first considers whether there are disputed material facts that RPM committed common law fraud. The underlying facts alleged by the Baxters are that RPM misrepresented the amount of time they worked on the Baxters' home and the value of that work. "One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation." Restatement (Second) of Torts § 525.

The Vermont Supreme Court discussed a similar set of claims in *Winey v. William E. Dailey, Inc. See* 161 Vt. 129 (1993). In *Winey*, the plaintiff sued the defendant on a home construction contract for breach of contract, fraud, and consumer fraud. *Id.* at 131. The jury awarded damages to the plaintiff on the breach of contract claim, but the trial judge directed the verdict against the plaintiff on the claims for fraud and consumer fraud. *Id.* The trial court directed the verdict because it found no evidence the defendant made a knowing misrepresentation at the time of the initial estimate. *Id.* at 133.

The Court reversed because it found sufficient evidence to go to a jury. The Court acknowledged that estimates are often non-actionable as mere expressions of opinion. Nonetheless, "[w]ith respect to promises to preform, we have held that misrepresentations about future actions can be fraudulent if defendant, at the time of the statement, intends to act differently from the promise." *Id.* The Court held that the jury could have inferred intentional misrepresentation from the low initial estimate defendant provided plaintiff, coupled with defendant's testimony he actually expected at the time the job would cost $55,000 more than the contract estimate. *Id.* at 134. Under these circumstances, the question of common law fraud should have been submitted to the jury. *Id.*

In this case, by contrast, there is not sufficient evidence to make out a claim for fraud. Even taking the evidence in the light most favorable to the Baxters, the allegations are that RPM overbilled for its services, but fall short of establishing evidence of knowing misrepresentations

2

at the inception of the contract. Furthermore, in their depositions, the Baxters could not point to specific areas where RPM had overbilled them. Additionally, the Baxters' experts admitted they had no evidence of fraud. Unlike *Winey*, there is no testimony RPM knew its statements of value were incorrect. *See id.* There is no evidence of intentional misrepresentation. *See* Restatement (Second) of Torts § 525. Disputes about whether RPM delivered the services required by the contract fall under Baxters' breach of contract claim, not under a claim for fraud.

The Court also finds the Baxters' arguments about how RPM committed fraud unpersuasive. The Baxters testified they believed RPM overbilled and did not deliver the services they promised. As described above, without evidence of intentional misrepresentation, these assertions do not support a claim for fraud. The Baxters also claim RPM was "stealing labor." Again, allegations the Baxters did not receive the value of labor for which they contracted should be raised under a contract theory. Similarly, the Baxters' experts' testimony that the Baxters did not receive $600,000 in value is evidence of breach of contract but not fraud.

2. *Consumer Fraud under 9 V.S.A. § 2453 (Count III)*

The Court next considers whether the Baxters have sufficient evidence of consumer fraud. By statute, "Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful." 9 V.S.A. § 2453(a). Again, *Winey* is helpful for understanding how consumer fraud applies. *See* 161 Vt. at 134–35. Consumer fraud is a broader cause of action than common law fraud. *Id.* at 134. The Baxters must "show that there was a representation likely to mislead [them], that [they] interpreted it reasonably under the circumstances and that the misleading nature of the representation was likely to affect [their] conduct of decision with respect to the contract." *Id.* at 134–35. Statements about opinion that are neither likely to mislead nor influence the contract decision are not grounds for consumer fraud. *See EBWS, LLC v. Britley Corp.*, 2007 VT 37, ¶¶ 26–28, 181 Vt. 513.

The Baxters have failed to show evidence of consumer fraud. The Baxters claim RPM's, Shores', and Harts' failure to provide the offered goods and services is consumer fraud. The Baxters do not, however, point to any specific statements that were misrepresentations and do not discuss how they relied on those statements. The Baxters also suggest the Court could infer fraud from RPM's knowledge of the Baxters' budget. This inference does not show consumer fraud. *See Winey*, 161 Vt. at 134–35. The Baxters cannot sustain a claim for consumer fraud because they have not shown what evidence of misrepresentation on which they reasonably relied. *See EBWS*, 2007 VT 37; *see also, Webb v. Leclair*, 2007 VT 65, 182 Vt. 559 (evidence that appraiser was mistaken as to value does not support consumer fraud, and summary judgment affirmed in the absence of further evidence of misrepresentation).

3. *Conversion (Count IV)*

Conversion is "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Montgomery v. Devoid*, 2006 VT 127, ¶ 12, 181 Vt. 154 (quoting Restatement (Second) of Torts § 222A(1)). The Baxters allege RPM converted their property by buying appliances which it did not deliver and removing lumber without permission.

Mr. Baxter claims to have knowledge as to the lumber removal from information he received from a well driller, Mr. Tom Lynde.

The Baxters' argument is not based on admissible evidence. *See* V.R.C.P. 56(c). Instead, Mr. Baxter describes what he has heard from another person. The Court may grant summary judgment where the opposing party fails to support its disputed facts with admissible evidence. *See* V.R.C.P. 56(e)(3). In this case, in the absence of any personal knowledge, the Baxters needed either an affidavit or deposition from someone with such knowledge to meet their burden. As to the appliances, the Baxters have presented no admissible evidence – receipts, invoices, affidavits of eyewitness observations – demonstrating that RPM ordered the appliances and now exercises dominion over them contrary to the rights of the Baxters. They simply insist that they still have not received the appliances. This is insufficient to make out a claim for conversion. *See Montgomery*, 2006 VT 127, ¶ 12.

### 4. *Liability of Third-Party Defendants*

Finally, the Court considers whether Shores and Hart, as managers of RPM, can be personally liable for their actions. In their argument, the Baxters seek to pierce the corporate veil. The Baxters ask the Court to pierce the corporate veil because the managers used the corporation to perpetuate fraud. "The court will look beyond the corporation to its shareholders for liability, that is, pierce the corporate veil, where the corporate form has been used to perpetrate a fraud, *id.,* and also where the needs of justice dictate." *Agway, Inc. v. Brooks*, 173 Vt. 259, 262 (2001). The purpose of piercing the corporate veil is hold accountable principals who set up the corporation as a sham, under capitalize it to protect their assets from creditors, and do not follow corporate formalities. *See id.* Normally, a party seeking to pierce the corporate veil must show both a failure to follow corporate formalities and a substantive harm. *See id..* at 263; *see also Andrews v. 1 Cornell, Inc*., 278-5-08 Wmcv, 2011 WL 8472962 (Vt. Super. Ct. 2011) (Wesley, J.) (discussing when piercing the corporate veil is inappropriate).

In this case, the Baxters do not have sufficient evidence to pierce the corporate veil. As discussed above, there is no evidence RPM, Shores, or Hart, engaged in fraud. Moreover, the Baxters are not framing the correct type of fraud. A court may pierce the corporate veil where there the moving party shows the principals operated the corporation to defraud creditors. *See Agway* at 263. Allegations that employees misrepresented facts are not enough to pierce the corporate veil. Instead, there must be a scheme to abuse the corporate form. *See id.* The Baxters' allegations show neither under-capitalization, nor an intent to defraud creditors, nor failure to follow corporate formalities. There is no evidence to support piercing the corporate form.

### 5. *Conclusion*

The Court grants RPM's motion for partial summary judgment. The Baxters have failed to show admissible evidence to support their claims for fraud, consumer fraud, conversion, and to pierce the corporate veil.

## Order

The Court **GRANTS** RPM Builder's motion for partial summary judgment.

Dated at Newfane, Vermont on November 8, 2013

_John P. Wesley_

_____

John P. Wesley
Superior Court Judge